IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. DIXON,

          Plaintiff,                    No. 2:11-cv-1409 GEB KJN P

    vs.

JAKINDER K. SINGH, et al.,           ORDER and

          Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5            The court is required to screen complaints brought by prisoners proceeding in

6   forma pauperis seeking relief against a governmental entity or officer or employee of a

7   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

8   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

9   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

10  immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21           Plaintiff sues various California parole commissioners, claiming that forcing

22  plaintiff to register as a sex offender and to comply with the residency restrictions imposed under

23  The Sexual Predator Punishment and Control Act ("SPPCA"), commonly referred to as

24  "Jessica's Law," (a) violates the Ex Post Facto Clause; (b) constitutes cruel and unusual

25  punishment under the Eighth Amendment; (c) increases the penalty for plaintiff's offense in

26  violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); and (d) constitutes

unconstitutional banishment under state law.  Plaintiff seeks declaratory relief that the residency restrictions imposed by California Penal Code § 3003.5, subd. (b), constitutes punishment, and injunctive relief prohibiting defendants and their successors in office from requiring plaintiff to register as a sex offender and to comply with the residency restrictions imposed by Jessica's Law. (Dkt. No. 1 at 4.)

I.  Background

In 1979, plaintiff, then sixteen years old, was found guilty of rape against an adult victim in a nonjury juvenile adjudication.  (Dkt. No. 1 at 5.)  In 1985, plaintiff pled guilty to second degree murder, and was sentenced to 15 years to life in state prison, with the possibility of parole.  Plaintiff has had at least six parole hearings, and was last denied parole on January 5, 2011.  Plaintiff alleges he was informed in 2009 that he would be subject to register as a sex offender under California Penal Code § 290, which would also impact plaintiff's choice of housing and employment opportunities under Jessica's Law.  Plaintiff has not yet been found suitable for parole.

The SPPCA, or "Jessica's Law," was enacted by California voters on November 7, 2006.  The SPPCA prohibits registered sex offenders from residing within 2,000 feet of any public or private school or park where children regularly gather, Cal. Penal Code § 3003.5, and requires them to be monitored by a global positioning system ("GPS") for parole, id. § 3000.07, and for life, id. § 3004.

II.  Ripeness

Plaintiff is a state prisoner who has not yet been granted parole.  Accordingly, plaintiff is not yet required to register as a sex offender or to find housing that meets the residency restrictions set forth in Jessica's Law, because he is presently incarcerated.

"The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties."  18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881,

3

1  883 (9th Cir. 1989).  The ripeness inquiry contains both a constitutional and a prudential

2  component.  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000)

3  (en banc).  The constitutional component of ripeness is often treated under the rubric of standing,

4  and often "coincides squarely with standing's injury in fact prong."  Id.  To satisfy the

5  constitutional component there must exist a constitutional case or controversy; the issues must be

6  "definite and concrete, not hypothetical or abstract."  Id. at 1139 (internal quotation and citation

7  omitted).  An alleged injury which is too imaginary or speculative will not support jurisdiction.

8  Id.  In particular, an issue is not ripe for adjudication if it depends on "contingent future events

9  that may not occur as anticipated, or indeed not occur at all."  18 Unnamed John Smith Prisoners,

10  871 F.2d at 883 (internal quotation and citation omitted).

11          Plaintiff challenges parole conditions that may be applied if plaintiff is found

12  suitable for parole.  However, it is not known if or when plaintiff will be granted parole, or, if

13  plaintiff is granted parole, what specific parole conditions will be imposed on plaintiff.[1]

14  Therefore, these claims are speculative and not ripe for review, and should be dismissed without

15  prejudice.

16  III.  Injunctive Relief

17          Plaintiff seeks injunctive relief.  Federal courts are courts of limited jurisdiction.

18  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1148 (2009).  Before considering a request

19  for injunctive relief, the court must find there is an actual case or controversy before it.  Id. at

20  1148-49; City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  This determination requires a

21  plaintiff seeking injunctive relief to "show that he is under threat of suffering an injury in fact

22

23          [1] Plaintiff's ex post facto challenge to the requirement to register as a sex offender fails
under Johnson v. Terhune, 184 Fed. Appx. 622, 624 (9th Cir. 2006) (sex offender registration is
not punishment, and therefore does not violate the Ex Post Facto Clause).  On February 1, 2010,
24  the California Supreme Court also found that an ex post facto challenge to Jessica's Law also
fails.  In re E.J., 47 Cal.4th 1258, 1280, 104 Cal.Rptr.3d 165 (Cal. 2010) (Jessica's Law, when
25  applied after its effective date, does not violate ex post facto because it does not additionally
punish for the sex offense conviction giving rise to the sex-offender registration requirement
26  under Cal. Penal Code § 290.)

4

1   that is concrete and particularized; the threat must be actual and imminent, not conjectural or

2   hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be

3   likely that a favorable judicial decision will prevent or redress the injury." <u>Summers</u>, 129 S. Ct.

4   at 1149 (internal quotations and citation omitted).  The mere possibility of future injury is

5   insufficient to support a claim for injunctive relief.  <u>Winter v. Natural Resources Defense</u>

6   <u>Council, Inc.</u>, 129 S.Ct. 365, 375-76 (2008) (citation omitted); <u>Lyons</u>, 461 U.S. at 111 (citation

7   omitted).  "This case-or-controversy requirement subsists through all stages of federal judicial

8   proceedings, trial and appellate.. . .  The parties must continue to have a 'personal stake in the

9   outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).  This

10  means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an

11  actual injury traceable to the defendant and likely to be redressed by a favorable judicial

12  decision." <u>Id.</u> at 477.  If the Court does not have an actual case or controversy before it, it has no

13  power to hear the matter in question.  <u>Lyons</u>, 461 U.S. at 102.

14        As noted above, plaintiff is presently in custody and has been denied parole as

15  recently as January 2011.  Based on the myriad factors parole commissioners take into account in

16  determining whether a prisoner is suitable for parole, Cal. Code Regs. tit. 15 § 2281, plaintiff has

17  not demonstrated that he is facing an actual or imminent threat that he will be subjected to the

18  challenged parole conditions at this time.  Rather, plaintiff may be subject to the challenged

19  parole conditions <u>if</u> he is granted parole in the future.  However, the possibility of future injury is

20  insufficient to support injunctive relief.  Thus, plaintiff's claims for injunctive relief should be

21  denied as premature.

22        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request

23  for leave to proceed in forma pauperis is granted; and

24        IT IS HEREBY RECOMMENDED that this action be dismissed without

25  prejudice.

26  ////

5

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3 one days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6 objections shall be filed and served within fourteen days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED:  July 11, 2011

10

11

12                                KENDALL J. NEWMAN

                                  UNITED STATES MAGISTRATE JUDGE

13 dixo1409.56

14

15

16

17

18

19

20

21

22

23

24

25

26